## Case No. 12,073.

### ROSS v. DAVY et al.

[See Case No. 12,071.]

## Case No. 12,074.

### ROSS v. GIBSON.[1]

Circuit Court, E. D. Pennsylvania. June 7, 1831.

PLEADING IN EQUITY—BILL TO ENFORCE CONVEYANCE—EXCEPTIONS TO ANSWER.

[1. A defendant must answer whether trustees named in a will under which the rights in litigation arose took upon themselves the execution of the trusts of the will.]

[2. A defendant must answer whether a copy of an indenture attached to complainant's bill, forming part of a chain of title to property in litigation, the original deed being in defendant's possession, is a true copy or not.]

[3. A defendant must answer what conveyances have been made by which certain trust estates set up in the answer were transferred, and state their contents, and whether the defendants are in enjoyment of the same.]

[4. The defendant must answer interrogatories relating to incumbrance of a trust estate, and to whom the interest thereon has been paid.]

[5. A defendant must answer whether an estate sought by the plaintiff's bill to be conveyed was in his possession, and what became of same when he parted with it.]

[6. A defendant in a bill to enforce a conveyance and for an account, must answer whether he has been asked for an account, and state the amount due.]

[Cited in Baker v. Biddle, Case No. 764.]

In equity. On exceptions to answer. Suit by Charles B. Ross and William S. Ross, citizens of Kentucky, and Thos. B. Ross, an alien, against James Gibson and Elizabeth, his wife, and Joseph Reed, to enforce the conveyance of certain trust estates and for an account. First exception was not passed on by the court. Second exception was that the defendants had failed to answer whether trustees appointed under a certain will under which all parties derived title had taken upon themselves the execution of the trusts of the will. Third exception was to failure to answer whether the copy of an indenture annexed to the bill was a true copy, this indenture being in defendant's possession, and to

---

[1] [Not previously reported.]

set forth the conveyances by which trusts mentioned in the answer were vested in certain persons, and whether the defendants were in enjoyment of the trusts mentioned in these conveyances, and whether created by will of one J. B. Bordley, had not been managed by said defendants. The fourth exception was that the defendants refused to state whether a certain mortgage for the trust estate had been created, and if so, how such mortgage was put out, and to whom, and on what securities, and of what amount, and whether the annual sum realized therefrom was paid to the proper cestui que trust, Henrietta M. Ross, mother of the said complainants, during her lifetime, and what parts of such payments were in arrear at the time of her death. The fifth exception was to the refusal to answer what was the whole estate of the said John B. Bordley (under whose will the said trusts were created) at the time of his death and since that time, and to the neglect of defendants to annex to their answer true and accurate accounts of the portions of the said estate disposed of by them. Sixth exception was to failure to answer whether or not the complainants had not frequently demanded an account from defendants, and had failed to receive it, and what was due on the account.

Charles Chauncey and Thomas Rittera, for complainants.

William R. Reed, Geo. Sargeant, and J. R. Ingersol, for respondents.

Before BALDWIN, Circuit Justice, and HOPKINSON, District Judge.

PER CURIAM. 1st exception. The court make no order upon this exception, but hold it under advisement unless it should be dismissed by the complainant.

2nd exception is allowed, and it is ordered that the defendant amend his answer accordingly.

3rd exception is allowed so far as it relates to the indenture marked "C," and also so far as relates to the contents of the deeds or conveyances by which the trusts mentioned in the defendant's answer became vested in John Keating and William Rawle, Jr., and to enquiry whether the defendants are not in the enjoyment of the trust estates mentioned in the said conveyances. The residue of this exception overruled.

4th exception is allowed, and it is ordered that the defendants amend their answer accordingly, or that they expressly make the schedule marked and annexed to their answer a part of the answer.

5th exception is allowed, and it is ordered that the defendants amend their answer accordingly.

6th exception. It is ordered that the defendants answer more fully and particularly to the matters of this exception.

All above amendments to be made and filed before the first Monday of July next.